No. 21-3332

_____

IN THE UNITED STATES COURT OF APPEALS

FOR THE SEVENTH CIRCUIT

---

JOHN SABO,

      Plaintiff-Appellant,

  v.

MEGAN ERICKSON, et al.,

      Defendants-Appellees.

---

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF WISCONSIN, THE HONORABLE MAGISTRATE
JUDGE WILLIAM E. DUFFIN, PRESIDING

---

**SUPPLEMENTAL BRIEF OF DEFENDANTS-APPELLEES**

---

JOSHUA L. KAUL
Attorney General of Wisconsin

KARLA Z. KECKHAVER*
Assistant Attorney General
State Bar #1028242

Attorneys for Defendants-Appellees

Wisconsin Department of Justice
Post Office Box 7857
Madison, Wisconsin 53707-7857
(608) 264-6365

*Counsel of Record

# TABLE OF CONTENTS

Page

INTRODUCTION ...................................................................................1

STATEMENT OF THE ISSUES PRESENTED FOR REVIEW ......................2

STATEMENT OF THE CASE ...............................................................3

    I.     Statement of relevant facts. ....................................3

    II.    Relevant procedural history. ....................................5

        A.    The proceedings in the district court. ...................5

        B.    The proceedings in this Court. .............................6

SUMMARY OF THE ARGUMENT ......................................................9

STANDARD OF REVIEW .................................................................. 12

ARGUMENT ...................................................................................... 13

    I.     Sabo has not stated a claim against Hicks and Haley for a violation of his Eighth Amendment right against cruel and unusual punishment. ..................................... 13

        A.    Section 1983 is a tort statute requiring a duty, breach of duty, causation, and injury. ............................... 13

        B.    Hicks and Haley had no constitutional duty to investigate the error in Sabo's probation term because they did not know about his problem in particular. ...................................................... 15

        C.    Hicks and Haley had no constitutional duty to discover and take steps to correct sentencing court errors. ......................................................... 19

        D.    Hicks and Haley did not cause Sabo's unlawful probation term. ................................................. 22

E. *Perrault* confirms that Sabo cannot state a claim against Hicks and Haley on these facts. .................. 23

II. Accepting Sabo's factual allegations as true, it was not clearly established under then-existing law that Hicks and Haley had a constitutional duty to act to prevent a violation of Sabo's Eighth Amendment right against cruel and unusual punishment. ............................ 25

CONCLUSION .................................................................................. 31

# TABLE OF AUTHORITIES

**Cases**

*Brosseau v. Haugen*,
  543 U.S. 194 (2004) ................................... 30

*Brown v. Budz*,
  398 F.3d 904 (7th Cir. 2005) ........................ 17, 18, 28

*Burke v. Johnston*,
  452 F.3d 665 (7th Cir. 2006) ............................ 14, 15

*Campbell v. Peters*,
  256 F.3d 695 (7th Cir. 2001) ........................... 27

*Crescent Plaza Hotel Owner, L.P. v. Zurich Am. Ins. Co.*,
  20 F.4th 303 (7th Cir. 2021) .......................... 12

*Farmer v. Brennan*,
  511 U.S. 825 (1994) ................................. 17, 18, 28

*Figgs v. Dawson*,
  829 F.3d 895 (7th Cir. 2016) ...................... 15, 16, 20

*Garza v. Henderson*,
  779 F.2d 390 (7th Cir. 1985) ....................... 14

*Gill v. City of Milwaukee*,
  850 F.3d 335 (7th Cir. 2017) ......................... 26, 27

*Hankins v. Lowe*,
  786 F.3d 603 (7th Cir. 2015) .......................... 16, 29

*Haygood v. Younger*,
  527 F. Supp. 808 (E.D. Cal. 1981) ..................... 16–17

*Haygood v. Younger*,
  769 F.2d 1350 (9th Cir. 1985) .................... 16, 17, 20, 29

*Hunter v. Mueske,*
    73 F.4th 561 (7th Cir. 2023) ...................................................... 21, 23

*Hurd v. Fredenburgh,*
    984 F.3d 1075 (2d Cir. 2021) ........................................................ 29

*Jackson v. Marion Cnty.,*
    66 F.3d 151 (7th Cir. 1995) ........................................................... 12

*Leiser v. Kloth,*
    933 F.3d 696 (7th Cir. 2019) ..................................................... 26, 27

*Monroe v. Pape,*
    365 U.S. 167 (1961) ...................................................................... 13

*Moore v. Tartler,*
    986 F.2d 682 (3d Cir. 1993) .......................................................... 14

*Parungao v. Cmty. Health Sys., Inc.,*
    858 F.3d 452 (7th Cir. 2017) ..................................................... 3, 12

*Perrault v. State,*
    No. 15-CV-0144-bbc, 2016 WL 126918 (W.D. Wis. Jan. 11, 2016),
    *aff'd sub nom.,* 669 F. App'x 302 (7th Cir. 2016) .................................. 24, 25

*Perrault v. Wis. Dep't of Corrs.,*
    669 F. App'x 302 (7th Cir. 2016) ..........................................9, *passim*

*Polzin v. Gage,*
    636 F.3d 834 (7th Cir. 2011) ........................................................ 22

*Sample v. Diecks,*
    885 F.2d 1099 (3d Cir. 1989) .............................................. 16, 20, 29

*Wells v. Caudill,*
    967 F.3d 598 (7th Cir. 2020) ........................................................ 21

*White v. Pauly,*
    580 U.S. 73 (2017) ................................................................ 26, 30

**Statutes**

42 U.S.C. § 1983 ................................................................ 1, 5, 13, 14

Wis. Stat. § 973.09(1)(a) .................................................. 29

Wis. Stat. § 973.09(2m) ................................................... 21

**Other Authority**

Fed. R. Civ. P. 12(b)(6) ................................................... 12

**INTRODUCTION**

In 2004, a Wisconsin circuit court judge gave John Sabo a term of probation that exceeded the statutory maximum. The judge was unaware of his error at the time, as was everyone else. Shortly thereafter, the Wisconsin Department of Corrections' (the "Department") Central Records Unit received Sabo's judgment of conviction. Debra Haley and her supervisor Sheri Hicks reviewed the judgment, as required by their job duties as Department recordkeepers, but did not catch the error in Sabo's probation term. In 2005, Hicks and Haley learned about the type of error that the circuit court made in Sabo's case but did not learn about Sabo's problem in particular.

Sabo began serving his probation term in 2014. The term should have concluded in July 2017, but due to the sentencing court's error, the term continued beyond that date. In December 2017, Sabo was arrested on a misdemeanor and held in jail on a probation violation. Sabo remained on probation until May 2018, when his attorney discovered the sentencing court's error and brought it to the judge's attention.

Sabo filed a 42 U.S.C. § 1983 action seeking money damages for the extra time he spent on probation. Because the sentencing judge is immune from suit, Sabo sued several Department officials, including Hicks and Haley, alleging that they were deliberately indifferent in failing to discover and take steps to correct the error in his probation term in violation of the Eighth Amendment.

Sabo cannot state an Eighth Amendment claim on the facts alleged in his amended complaint. He cannot show that Hicks and Haley had a constitutional duty to investigate the error in his probation term when they did not know about his problem in particular. And he cannot show that they had a constitutional duty to discover the sentencing court's error when they had no constitutional duty to verify judgments in the first place and, therefore, no constitutional duty to revisit then after the fact. No existing case establishes a constitutional violation on similar facts, and, in fact, this Court rejected such a claim on essentially identical facts. The district court properly dismissed Sabo's Eighth Amendment claims against Hicks and Haley. This Court should affirm.

## STATEMENT OF THE ISSUES PRESENTED FOR REVIEW

This Court has asked the parties to address the following questions in supplemental briefing:

1.      Whether Sabo has stated a claim against defendants Hicks and Haley for a violation of his Eighth Amendment right against cruel and unusual punishment.

2.      Accepting Sabo's factual allegations as true, whether it was clearly established under then-existing law that Hicks and Haley had a constitutional duty to act to prevent a violation of Sabo's Eighth Amendment right against cruel and unusual punishment.

# STATEMENT OF THE CASE

## I.  Statement of relevant facts.

In 2004, Sabo pled guilty in Wisconsin state court to operating a motor vehicle while intoxicated.[1] (Dkt. 10 ¶ 401.) He was convicted, and the court stayed the sentence and placed Sabo on probation for five years, consecutive to his other sentences. (Dkt. 10 ¶ 402.) The sentencing court, and others at the hearing, did not realize that a five-year probation term exceeded the statutory maximum of three years. (Dkt. 10 ¶¶ 403–05.) Because the court ordered Sabo's probation term to run consecutively to any other sentence, Sabo did not begin serving his probation term until July 20, 2014. (Dkt. 10 ¶ 423.)

In 2004, shortly after Sabo was sentenced, Hicks, a supervisor in the Department's Central Records Unit, and her subordinate Haley, reviewed Sabo's judgment of conviction, as required by their job duties as Department recordkeepers. (Dkt. 10 ¶¶ 406–07.) Unfortunately, they did not discover the sentencing court's error because, at the time, they too misunderstood how to calculate the maximum length of probation terms for felonies. (Dkt. 10 ¶ 417.) When they subsequently learned of this type of sentencing error in 2005, they

---

[1] *State of Wis. v. Sabo*, Case No. 03-CF-0313 (Wis. Cir. Ct. Fond du Lac Cnty.), https://wcca.wicourts.gov/caseDetail.html?caseNo=2003CF000313&countyNo=20&mode=details#records. This Court may take judicial notice of Sabo's conviction through the Wisconsin Circuit Court Access website. When considering a motion to dismiss, "[c]ourts may take judicial notice of court filings and other matters of public record when the accuracy of those documents reasonably cannot be questioned." *Parungao v. Cmty. Health Sys., Inc.*, 858 F.3d 452, 457 (7th Cir. 2017).

did not go back and review the tens of thousands of judgments they had processed over the course of the past year to determine whether any of them had this error. (Dkt. 10 ¶ 420; 13-1:24.)

Sabo's probation, having commenced in July 2014, should have concluded three years later, in July 2017. (Dkt. 10 ¶¶ 423–24.) On December 21, 2017, Sabo was arrested and charged with resisting or obstructing an officer, a misdemeanor.[2] (Dkt. 10 ¶ 445). On December 22, 2017, Sabo was granted a signature bond for the misdemeanor charges, but he was not released from jail because his probation agent, Megan Erickson, and her supervisor, Barb Hanson, initiated revocation proceedings and placed a probation hold requiring Sabo to remain in custody. (Dkt. 10 ¶¶ 446–48.)

While in jail on the probation hold, Sabo's attorney learned that Sabo's probation term exceeded the statutory maximum. (Dkt. 10 ¶ 425.) Sabo's attorney notified the sentencing court of the error and the court corrected the sentence by reducing Sabo's term of probation from five years to three years. (Dkt. 10 ¶ 425.) Sabo was released from custody on May 3, 2018. (Dkt. 10 ¶ 425.)

---

[2] *State of Wis. v. Sabo*, Case No. 17-CM-2559 (Wis. Cir. Ct. Racine Cnty.), https://wcca.wicourts.gov/caseDetail.html?caseNo=2017CM002559&countyNo=51&mode=details.

## II. Relevant procedural history.

### A. The proceedings in the district court.

Sabo initially filed a 42 U.S.C. § 1983 complaint on May 11, 2020, (Dkt. 1), and filed an amended complaint on August 17, 2020, (Dkt. 10). In his amended complaint, Sabo alleged that Hicks and Haley acted with deliberate indifference in violation of the Eighth Amendment, because "they failed to take any steps to correct his patently illegally long term of probation, after they realized in 2005, that they had incorrectly analyzed judgments of conviction in 2004, resulting in his spending 291 days being supervised beyond the legal termination of his period of probation, 133 days of which he was held in jail." (Dkt. 10 ¶ 501.) Sabo also pled a state law negligence claim against Hicks and Haley for failing to notice and correct his unlawful sentence when they first reviewed his judgment of conviction. (Dkt. 10 ¶ 508.) Sabo further raised state and federal claims against Erickson, Hanson, and another Department employee, Janelle Nehring. (Dkt. 10 ¶¶ 502–09.)

Defendants moved to dismiss the first amended complaint. (Dkt. 14.) On November 12, 2020, the district court dismissed Sabo's Eighth Amendment claim against Hicks and Haley because Sabo "failed to adequately allege that . . . [they] acted with deliberate indifference toward him when they failed to re-examine the judgments they had reviewed under a mistaken understanding of the law." (Dkt. 19:30.) The court reasoned that "[b]ecause

Sabo does not allege that Hicks or Haley knew that Sabo's probation term was incorrect, they cannot be said to have acted with deliberate indifference." (Dkt. 19:15.) The court also dismissed Sabo's state law negligence claims against Hicks and Haley because their review of judgments was not a ministerial duty and, therefore, they were immune from suit under state law. (Dkt. 19:30–31.)

The district court dismissed all Sabo's other claims, except his Eighth and Fourth Amendment claims against Erickson and Hanson for not releasing him from custody after they allegedly learned that his probation term was unlawfully long. (Dkt. 19:31.)

Sabo moved for reconsideration of the dismissal of the Eighth Amendment claims against Haley and Hicks and of the dismissal of the state law negligence claims, (Dkt. 21), and that motion was denied, (Dkt. 25). The court reasoned that "[b]ecause [Hicks and Haley] did not have a constitutional duty to identify and correct the judge's error in Sabo's sentence, Sabo's Eighth Amendment claim against [them] . . . fails." (Dkt. 25:9.) Erickson and Hanson later moved for summary judgment, (Dkt. 32), and the district court granted the motion dismissing Sabo's Fourth and Eighth Amendment claims, (Dkt. 49; 50).

## B. The proceedings in this Court.

Sabo appealed the district court's judgment. (Dkt. 56.) On April 30, 2024, this Court issued a panel decision vacating the district court's dismissal of

Sabo's deliberate indifference claims against Hicks and Haley for proceedings consistent with the opinion and affirming in all other respects. (7th Dkt. 37.)

The panel majority concluded that Sabo stated a deliberate indifference claim against Hicks and Haley by alleging that "Hicks and Haley knew of the heightened risk to [a] class [of people whose judgments they reviewed under the wrong standard] and did nothing after they realized their error." (Dkt. 37:12.)

The panel majority further concluded that Hicks and Haley were not entitled to qualified immunity because existing cases addressing prolonged incarceration "clearly established that failure to investigate a complaint that an inmate is being held longer than the lawful term of his sentence can constitute deliberate indifference under the Eighth Amendment." (Dkt. 37:14.) And the fact that Hicks and Haley did not know about Sabo's problem in particular did not, according to the majority, immunize Hicks and Haley because failure-to-protect cases clearly established that Hicks and Haley's "failure to ascertain the identities of those affected by their mistake does not put their obligation to investigate the risk up for debate." (Dkt. 37:15.) Finally, the panel majority concluded that the law was clearly established even without an analogous case because "[g]iven [Hicks and Haley's] responsibilities and knowledge, their decision to do nothing at all was both egregious and unreasonable." (Dkt. 37:16.)

As for the other defendants, Hanson and Erickson, the panel majority concluded that summary judgment was appropriate on Sabo's Eighth Amendment claim because Erickson, upon learning of the error in Sabo's probation term, immediately took action to correct the error, even though she did not release him from the probation hold, and there were no additional actions Hanson could or should have taken. (Dkt. 37:16–18.) As for the Fourth Amendment, the majority held that Erickson and Hanson cannot be liable for continuing to enforce Sabo's judgment prior to its amendment. (Dkt. 37:18.)

The dissent agreed with the panel majority's holding as to Erickson and Hanson but would have concluded that Sabo also failed to state an Eighth Amendment claim against Hicks and Haley, and even if he had, qualified immunity would apply. (Dkt. 37:20.) The dissent criticized the majority for failing "to grapple with serious issues of duty, causation, and deliberate indifference," (Dkt. 37:26), and reasoned that "no legal authority imposes a duty on administrative state employees under the Eighth Amendment of the Constitution to check tens of thousands of sentences just in case a state court handed down an inaccurate one," (Dkt. 37:22).

The dissent further reasoned that "neither we nor any other court has ever said that an administrative corrections employee tasked with reviewing sentences owes a duty to every person under sentence such that a failure to

correct a miscalculation, without any notice of a specific mistake in a particular person's record, amounts to a constitutional violation." (Dkt. 37:23.)

As to qualified immunity, the dissent faulted the majority for viewing the constitutional right at too high a level of generality. When the particular facts of this case are considered, according to the dissent, "crucial distinctions emerge." (Dkt. 37:28.) For example, existing case law involved "defendants [who] were on notice that there was a problem with the particular plaintiff's sentence" and addressed prolonged incarceration, not probation. (Dkt. 37:28–29.) Finally, the dissent addressed this Court's decision in *Perrault v. Wisconsin Department of Corrections*, 669 F. App'x 302 (7th Cir. 2016), and concluded that "it is hard to see how the alleged violation here was clearly established in law when we found an appeal involving similar allegations against the same defendants 'frivolous,'" (Dkt. 37:33).

On June 28, 2024, this Court *sua sponte* vacated the panel opinion and ordered rehearing *en banc* with supplemental briefing. (7th Dkt. 40.)

## SUMMARY OF THE ARGUMENT

This Court should affirm the dismissal of Sabo's Eighth Amendment claims against Hicks and Haley for two reasons.

First, Sabo has not stated a claim against Hicks and Haley for a violation of his Eighth Amendment right against cruel and unusual punishment. In his amended complaint, Sabo alleges that Hicks and Haley acted with deliberate

indifference when they failed to "take any steps to correct" his unlawfully long probation term, after realizing in 2005 that a type of sentencing court error affecting probation terms escaped their review. (Dkt. 10 ¶ 501.) Sabo does not allege that Hicks and Haley knew of an error in *his* probation term; he alleges only that they knew of this type of sentencing court error generally. But deliberate indifference to prolonged custody requires knowledge of a particular prisoner's problem. Without knowledge of Sabo's problem in particular, Hicks and Haley had no constitutional duty to investigate the sentencing court's error under existing case law. And without a constitutional duty, Sabo cannot state a claim under the Eighth Amendment.

Hicks and Haley also had no legally recognized constitutional duty to discover and correct a sentencing court error. While Hicks and Haley's job duties required them to verify judgments of conviction, those state law duties do not alone create a constitutional duty. And with no constitutional duty to verify judgments in the first place, they also had no constitutional duty to revisit judgments after the fact to discover sentencing court errors. With no constitutional duty, Hicks and Haley's failure to discover a sentencing court error—on initial review or at a later time—was, at most, negligence, not a constitutional violation.

Relatedly, Sabo cannot establish causation, as required for an Eighth Amendment violation. Everyone agrees that the sentencing judge caused the error in Sabo's probation term. But the judge is, of course, immune from suit. That does not mean that Hicks and Haley can be held personally liable for the judge's error simply because their job duties required them to verify judgments of conviction. Any number of other people, including Sabo's defense attorney, could have brought the error to the court's attention and sought correction at any time during the 12 years between Sabo's sentencing and the end of his probation term. Hicks and Haley were not the proximate cause of Sabo's unlawful probation term.

Second, even assuming Sabo sufficiently pled an Eighth Amendment claim, Hicks and Haley are shielded from liability by qualified immunity. Accepting Sabo's factual allegations as true, it was not clearly established under then-existing law that Hicks and Haley had a constitutional duty to act to prevent a violation of Sabo's Eighth Amendment right against cruel and unusual punishment. The cases addressing prolonged incarceration are not sufficiently particularized to the facts of this case. Existing cases addressing prolonged incarceration all involved situations where (1) the defendants knew about a particular prisoner's problem, not just a type of sentencing error generally, (2) the error was in the prison official's execution of a sentence, not in the sentence itself, and (3) the error resulted in prolonged incarceration, not

11

prolonged probation. Given these factual differences, existing cases did not put Hicks and Haley on notice that their actions would violate the Constitution. This is especially true when this Court—in considering a nearly identical claim against these same defendants—not only concluded that the plaintiff failed to allege a constitutional claim, but that his claim was frivolous. *See Perrault*, 669 F. App'x at 303.

## STANDARD OF REVIEW

This Court reviews a district court's decision to grant a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6) under a de novo standard of review. *Crescent Plaza Hotel Owner, L.P. v. Zurich Am. Ins. Co.*, 20 F.4th 303, 307 (7th Cir. 2021).

A complaint must be dismissed when the plaintiff has failed to "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "[A] plaintiff can plead himself out of court by alleging facts which show that he has no claim." *Jackson v. Marion Cnty.*, 66 F.3d 151, 153 (7th Cir. 1995). "[W]hen it is 'clear from the face of the complaint, and matters of which the court may take judicial notice, that the plaintiff's claims are barred as a matter of law,' dismissal is appropriate." *Parungao v. Cmty. Health Sys., Inc.*, 858 F.3d 452, 457 (7th Cir. 2017) (citation omitted).

## ARGUMENT

**I.  Sabo has not stated a claim against Hicks and Haley for a violation of his Eighth Amendment right against cruel and unusual punishment.**

In his amended complaint, Sabo asserts claims under 42 U.S.C. § 1983. Relevant here, he claims that Hicks and Haley acted with deliberate indifference, in violation of the Eighth Amendment, when they failed to "take any steps to correct" his unlawfully long probation term, after realizing in 2005 that certain errors in judgments of conviction may have escaped their review. (Dkt. 10 ¶ 501.) Sabo fails to state a claim against these defendants.

### A.  Section 1983 is a tort statute requiring a duty, breach of duty, causation, and injury.

Section 1983 "should be read against the background of tort liability." *Monroe v. Pape*, 365 U.S. 167, 187 (1961). For most torts, the source of the defendant's duty—and the plaintiff's rights—is state law. In section 1983 cases, in contrast, the source of the defendant's duty is the "rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. Courts must, therefore, look to the constitutional provision at issue—here, the Eighth Amendment—to identify the substantive standards governing the case, including the nature of the defendant's duty and what actions constitute a breach of that duty.

"[I]ncarceration after the time specified in a sentence has expired violates the Eighth Amendment if it is the product of deliberate indifference." *Burke v. Johnston*, 452 F.3d 665, 669 (7th Cir. 2006). In addressing the elements of a deliberate indifference claim in this context, "a plaintiff must establish three elements: [1] that a prison official knew of the prisoner's problem and thus of the risk that unwarranted punishment was being inflicted; [2] that the official either failed to act or took only ineffectual action under the circumstances; and [3] that there was a causal connection between the official's response to the problem and the unjustified detention." *Id.* (citing *Moore v. Tartler*, 986 F.2d 682, 686 (3d Cir. 1993)).

These elements generally align with the elements of a civil rights tort action under section 1983—duty, breach of duty, causation, and injury. *See Garza v. Henderson*, 779 F.2d 390, 395 (7th Cir. 1985) (listing elements of civil rights tort action). While the plaintiff need not plead each of these elements, if the plaintiff cannot, as a matter of law, establish each element on the facts alleged, the constitutional claim fails. *See id.*

Based on the facts as stated in the amended complaint, Sabo cannot establish that Hicks and Haley had a constitutional duty to (1) investigate the error in Sabo's probation term when they did not know about his problem in particular, or (2) discover and correct sentencing court errors. Sabo, therefore,

has not stated a claim against Hicks and Haley for a violation of the Eighth Amendment.

## B. Hicks and Haley had no constitutional duty to investigate the error in Sabo's probation term because they did not know about his problem in particular.

Deliberate indifference in the context of prolonged incarceration requires knowledge of a particular prisoner's problem. *Burke*, 452 F.3d at 669. Sabo does not allege that Hicks and Haley knew of his problem in particular. They, therefore, had no constitutional duty to investigate the sentencing court's error under existing case law.

Deliberate indifference requires "more than negligence or even gross negligence": the defendant must have been "essentially criminally reckless, that is, ignored a known risk." *Figgs v. Dawson*, 829 F.3d 895, 903 (7th Cir. 2016). In the context of prolonged custody, deliberate indifference occurs when "a prison official *knew of the prisoner's problem* and thus of the risk that unwarranted punishment was being inflicted," but then disregards that risk. *Burke*, 452 F.3d at 669 (emphasis added). In other words, a prison official has no constitutional duty to investigate an inaccurate sentence unless she knows of a particular prisoner's problem.

In every case where prison officials were found to be deliberately indifferent for failing to investigate a claim of prolonged incarceration, the official was alerted to a particular prisoner's problem. For example, in *Figgs*, this Court

held that a corrections records supervisor was not entitled to summary judgment on a prisoner's claim that she was deliberately indifferent to his prolonged incarceration when the records supervisor was informed by a prisoner that his sentence had been miscalculated but took no action to investigate or correct the error. *See Figgs*, 829 F.3d at 900–02. Similarly, in *Hankins v. Lowe*, this Court concluded that a parole officer was deliberately indifferent for "refus[ing] to do anything however trivial" when a parolee under his supervision asked when her parole would expire, and he refused to tell her. 786 F.3d 603, 605–06 (7th Cir. 2015).

Cases from other circuits are in accord. In *Sample v. Diecks*, for example, a senior records officer was informed by the plaintiff that his sentence had been vacated and he "should be out of jail." 885 F.2d 1099, 1104 (3d Cir. 1989). Despite this, the official did nothing, nor did he refer the problem to anyone else. *Id.* at 1105. The Third Circuit found this was enough to support a claim of deliberate indifference. *Id.* at 1118–19. And in *Haygood v. Younger*, a prisoner wrote a letter to his warden questioning his sentence and demanding his release, which was forwarded to two correctional recordkeepers. 769 F.2d 1350, 1353 (9th Cir. 1985). The Ninth Circuit affirmed liability for the record officer defendants because "after being put on notice, [they] simply refused to investigate a computational error," which was enough

to find deliberate indifference. *Id.* at 1355 (quoting *Haygood v. Younger*, 527 F. Supp. 808, 823 (E.D. Cal. 1981)).

Knowledge of risk to a particular prisoner was central to a finding of deliberate indifference in each of these cases. That is not always the case in other contexts. For example, cases involving failure to protect prisoners from violence at the hands of other prisoners do not require knowledge of risk to a specific person. In those types of cases, "a deliberate indifference claim may be predicated on custodial officers' knowledge that a specific individual poses a heightened risk of assault to even a large class of detainees—notwithstanding the officials' failure or inability to comprehend in advance the particular identity of this individual's ultimate victim." *Brown v. Budz*, 398 F.3d 904, 915 (7th Cir. 2005) (white prisoner stated a claim that prison officials were deliberately indifferent by failing to protect him from another prisoner known to be violent towards white prisoners); *see also Farmer v. Brennan*, 511 U.S. 825, 843 (1994) (prison officials were deliberately indifferent for transferring a transgender woman to general population in a men's prison, even though they "did not know that the complainant was especially likely to be assaulted by the specific prisoner who eventually committed the assault").

Those failure-to-protect cases are inapplicable here. First, prison officials in those types of cases have a constitutional "to protect prisoners from violence at the hands of other prisoners." *Farmer*, 511 U.S. at 833 (citation omitted). Hicks

and Haley, in contrast, had no constitutional duty to verify and correct state court judgments of conviction, as explained in section I.C. below.

Second, officials in failure-to-protect cases did not need to know the identity of the eventual victim to address the risk of harm. They could, in the situation presented in *Brown*, for example, not house the violent inmate with white inmates or remove him from general population altogether. *See Brown*, 398 F.3d at 915. Here, in contrast, even if the tens of thousands of prisoners whose judgments of conviction Hicks and Haley reviewed in 2004 and 2005 could be considered "an identifiable group of prisoners," who were at risk of having judgments with unlawful probation terms, *Farmer*, 511 U.S. at 843 (citation omitted), there was no way to abate that risk without identifying the prisoners whose judgments contain the error.

Here, Hicks and Haley did not know of Sabo's problem in particular. Sabo, instead, alleges that they knew about a type of sentencing error generally. (Dkt. 10 ¶ 501.) But sentencing court errors are common. As Sabo alleged in his amended complaint, the Department's Central Records Unit identified "approximately five or six judgments" a day, 20 to 30 a week, that had some type of error that required correcting. (Dkt. 10 ¶ 416.) Thus, Sabo's judgment was one of perhaps 1000 to 1500 judgments with some type of error—although

not necessarily the probation error at issue here—within the total pool of judgments reviewed over the course of a year.[3]

At most, taking the facts alleged as true, Hicks and Haley knew that, as a statistical matter, sentencing courts had likely issued some unlawful terms of probation to unidentified individuals, and that Hicks and Haley may not have spotted all unlawful probation terms during their review process. This does not constitute knowledge of *Sabo*'s incorrect judgment of conviction under the deliberate indifference standard. Without knowledge of Sabo's problem, Hicks and Haley had no constitutional duty to investigate the sentencing court's error. And without a constitutional duty, Sabo cannot state a claim for deliberate indifference under the Eighth Amendment.

### C. Hicks and Haley had no constitutional duty to discover and take steps to correct sentencing court errors.

Sabo does not allege that Hicks and Haley knew of his problem in particular. He, instead, alleges that Hicks and Haley knew about a type of sentencing court error and that they were, therefore, aware of the risk of unlawful sentences generally. (Dkt. 10 ¶¶ 418–19.) The question, then, is whether Hicks and Haley had a constitutional duty to investigate unlawful

---

[3] The record developed after Hicks and Haley were dismissed now reveals the denominator in this equation: The Central Records Unit processed approximately 800 judgments a week, or 41,600 judgments a year. (Dkt. 13-1:17, 24.)

sentences generally to discover (and then take steps to correct) Sabo's unlawful probation term sooner.[4] The answer is they did not.

The cases addressing deliberate indifference to prolonged incarceration all involve prison officials failing to fulfill their obligation to properly *execute* the sentence imposed by the state court by, for example, failing to calculate the proper release date or failing to apply credit for time served. *See Figgs*, 829 F.3d at 889–900 (prison officials miscalculated prisoner's sentence and projected release date); *Sample*, 885 F.2d at 1104 (recordkeeper miscalculated prisoner's time served on another conviction); *Haygood*, 769 F.2d at 1353 (prison officials used incorrect method to compute prisoner's release date). Sabo, in contrast, does not allege that Hicks and Haley failed to properly execute his sentence. He, instead, alleges that Hicks and Haley failed to discover the sentencing court's error and take action to correct it. (Dkt. 10 ¶¶ 401–07, 501.)

Hicks and Haley had no constitutional duty to discover and take action to correct sentencing court errors, as opposed to their own errors in executing a valid sentence. While their job duties required them to verify judgments of convictions, (Dkt. ¶¶ 407–16), and Wisconsin law may have given them some

_____

[4] The record demonstrates that when corrections officials later became aware of an error in *Sabo*'s sentence, they investigated and took action to correct the error. (Dkt. 10 ¶¶ 457–60; 35:1–3; 35-1; 45 ¶¶ 5–9.)

authority to commute unlawful probation terms, Wis. Stat. § 973.09(2m),[5] these state law duties do not alone create a constitutional duty. *See Hunter v. Mueske*, 73 F.4th 561, 567 n.1 (7th Cir. 2023). Without a constitutional duty, Hicks and Haley's alleged failure to properly perform their state law duties is, at most, negligence, not a constitutional violation. *See Perrault*, 669 F. App'x at 303; *Wells v. Caudill*, 967 F.3d 598, 601–02 (7th Cir. 2020). Sabo concedes as much: "Mr. Sabo acknowledges that when Hicks and Haley originally reviewed his judgment of conviction, their error in failing to note the unlawfully long sentence was probably just negligence, not deliberate indifference to a known risk." (Appellant's Br. 30 n.6.)

Because Hicks and Haley had no constitutional duty to verify judgments of conviction in the first place, they also had no constitutional duty to revisit judgments after the fact to discover sentencing court errors. As the district court explained: "Although the Wisconsin Department of Corrections chose to perform that sort of verification as a matter of policy, and assigned the task to Hicks and Haley, that did not create a constitutional duty for Hicks and Haley to seek out and correct judges' sentencing errors." (Dkt. 25:7.)

---

[5] Wisconsin Stat. § 973.09(2m) reads: "If a court imposes a term of probation in excess of the maximum authorized by statute, the excess is void and the term of probation is valid only to the extent of the maximum term authorized by statute. *The term is commuted without further proceedings*." The statute is silent as to the process for determining whether a term of probation is excessive and who has the power to effectuate the release.

To illustrate the point, if Hicks and Haley's job duties had *not* required them to review judgments of conviction, they would be in the same position they are now. They would not have discovered the error in Sabo's probation term, and they would have no duty to find that error by revisiting judgments after the fact. As the district court correctly found, that "Wisconsin did more than was required and attempted to identify and correct the sorts of errors that permeate the criminal justice system did not then create a constitutional cause of action when those actions fell short. Judicial errors in sentencing are primarily matters for defendants and their counsel to recognize and address." (Dkt. 25:9.) That reasoning is correct. Hicks and Haley had no constitutional duty to discover sentencing court errors, and without such a duty, Sabo cannot state an Eighth Amendment claim.

> **D.    Hicks and Haley did not cause Sabo's unlawful probation term.**

That Hicks and Haley had no constitutional duty to discover sentencing court errors raises the related issue of causation. There can be no question that it was the sentencing judge's error that caused Sabo's prolonged probation term. But the sentencing judge, of course, has absolute immunity for that error. *See Polzin v. Gage*, 636 F.3d 834, 838 (7th Cir. 2011). So, Sabo instead seeks to make Hicks and Haley liable for the error. To do so, Sabo must establish that their actions (or inaction) were the proximate cause of his prolonged probation

term. *See Hunter*, 73 F.4th at 567–68. Taking the alleged facts as true, Sabo cannot make that showing.

Twelve years passed between 2005—when Hicks and Haley realized they had missed a type of sentencing error in some number of judgments they reviewed—and the time Sabo's probation should have ended. (Dkt. 10 ¶¶ 418–20, 424.) During that time, Sabo or his defense attorney could have identified the error and asked the sentencing court to correct it. *See Hunter*, 73 F.4th at 567–68 (noting that a superseding cause may "sever the defendant's liability"). They did not do so, even though they were in a better position to identify the error because they presumably attended the sentencing hearing and Sabo's attorney—unlike Hicks and Haley—is trained in the law.

Just because others did not recognize the error sooner or are immune from suit does not mean that Hicks and Haley caused Sabo's prolonged probation. Hicks and Haley, like everyone else, were not aware of Sabo's problem in particular and, therefore, had no duty to investigate. On these facts, Sabo cannot show that Hicks and Haley caused his prolonged probation.

### E. *Perrault* confirms that Sabo cannot state a claim against Hicks and Haley on these facts.

Sabo cannot state a claim against Hicks and Haley for a violation of the Eighth Amendment on the facts alleged in his amended complaint. This conclusion is confirmed by *Perrault*, 669 F. App'x 302, a case involving a nearly

identical factual scenario, including the same sentencing error and some of the same defendants.

In *Perrault*, this Court affirmed the district court's dismissal of Perrault's case and deemed his appeal frivolous when he alleged that Department employees—*including Hicks and Haley*—were deliberately indifferent for failing "to check the accuracy of the sentence pronounced by the state judge." *Perrault*, 669 F. App'x at 303. This Court reasoned that those allegations, at most, suggested negligence and explained that "even if Wisconsin law imposed a duty on any of these defendants to question the judgment, negligent conduct does not violate the constitution." *Id.*

The district court had dismissed Perrault's case at screening for the same reason, concluding that even if "prison administrators or prison record keepers had a constitutional obligation to identify and take some sort of action to correct a judge's unlawful sentencing order" (as opposed to their own error in executing the order), Perrault failed to state a claim because the defendants did not have "personal knowledge that [Perrault's] sentence was unlawful." *Perrault v. State*, No. 15-CV-0144-bbc, 2016 WL 126918, *2 (W.D. Wis. Jan. 11, 2016), *aff'd sub nom.*, 669 F. App'x 302 (7th Cir. 2016). The district court explained that "[p]laintiff has done little more than allege that defendants were aware of a risk of unlawful sentences generally; not that they were aware of a specific risk that [Perrault's] sentence was

unlawful." *Perrault*, 2016 WL 126918, *3. At best, according to the district court, "plaintiff alleges that the Department of Corrections defendants were negligent in failing to notice the legal error in plaintiff's sentence earlier than they did. However, negligence is not sufficient to state a claim for deliberate indifference." *Id.*

*Perrault* confirms that prison officials have no constitutional duty to recognize and correct a sentencing court's error, as opposed to their own error in executing the sentence. *See Perrault*, 669 F. App'x at 303. And even if they had such a duty, they have no constitutional obligation to take action to correct a sentencing error when they are not aware of a particular prisoner's unlawful sentence. *See Perrault*, 2016 WL 126918, *2. The facts alleged by Sabo do not satisfy the elements for a deliberate indifference claim under this Court's standards. The district court correctly dismissed Sabo's Eighth Amendment deliberate indifference claims against Hicks and Haley. This Court should affirm.

## II. Accepting Sabo's factual allegations as true, it was not clearly established under then-existing law that Hicks and Haley had a constitutional duty to act to prevent a violation of Sabo's Eighth Amendment right against cruel and unusual punishment.

Without deciding whether a constitutional violation occurred (or even assuming that it did), this Court can nevertheless affirm based on qualified immunity. To defeat qualified immunity, Sabo must show that it was beyond

debate, to someone in Hicks and Haley's position, that their actions would violate his constitutional rights. Sabo cannot make that showing.

Qualified immunity shields government officials from liability for damages where their conduct "does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *White v. Pauly*, 580 U.S. 73, 78–79 (2017) (citation omitted). The plaintiff has the burden to establish that the official's action violated a clearly established right. *See Leiser v. Kloth*, 933 F.3d 696, 701 (7th Cir. 2019). To meet this burden, the plaintiff must identify "a reasonably analogous case that has both articulated the right at issue and applied it to a factual circumstance similar to the one at hand." *Id*. at 701–02 (citation omitted).

Clearly established law is not defined "at a high level of generality," but rather is "'particularized' to the facts of the case." *White*, 580 U.S. at 79 (citations omitted). In other words, existing precedent must put the question "beyond debate." *Id*. (citation omitted). To determine whether a right was clearly established, this Court looks first to controlling Supreme Court precedent, then to its own precedent, and finally to cases from other circuits. *See Gill v. City of Milwaukee*, 850 F.3d 335, 341 (7th Cir. 2017).

As a preliminary matter, the constitutional right must have been "clearly established *at the time of the alleged violation.*" *Leiser*, 933 F.3d at 701 (emphasis added) (quoting *Gill*, 850 F.3d at 340). Sabo alleges that Hicks and Haley violated his rights in 2005, when they realized they missed a type of sentencing error in judgments they reviewed in 2004 and 2005 and failed to take action to find and correct the errors. (Dkt. 10 ¶ 501; Appellant's Reply Br. 7–9.) The right in question, therefore, must have been clearly established as of 2005.

Sabo argues that it was clearly established that incarceration beyond the date when a person is entitled to be released violates the Eighth Amendment if it is the product of deliberate indifference. (Appellant's Br. 30.) As a general matter, this proposition may be true, but this Court "do[es] not deal with generalities." *Campbell v. Peters*, 256 F.3d 695, 700 (7th Cir. 2001). In 2005 *and any time thereafter*, there were no factually similar decisions putting Hicks and Haley on notice that corrections officials who review state court sentences, act with deliberate indifference if they learn that sentencing courts may have issued unlawful terms of probation to unidentified individuals but do not investigate to discover a particular prisoner's problem.

The cases addressing prolonged incarceration are not sufficiently particularized to the facts of this case for three reasons.

*First*, existing cases addressing prolonged incarceration involved situations where the defendants were aware of a particular prisoner's problem. (*See* section I.B., *supra*.) As explained above, that is not this case. Neither Hicks nor Haley, nor anyone else, was aware of the error in Sabo's probation term until his attorney notified the Department and sentencing court in 2018. (Dkt. 10 ¶¶ 425, 457–60.) Until then, there was no constitutional duty to investigate or take steps to correct the error under existing case law. (*See* section I.B., *supra*.) And even if this Court concludes that the failure-to-protect cases, like *Brown* and *Farmer*, apply here, such that Hicks and Haley could be deliberately indifferent without knowledge of Sabo's problem, no existing case extends those cases to the context of prolonged incarceration and, therefore, the law was not clearly established at the time Hicks and Haley acted. *See Brown*, 398 F.3d at 915; *Farmer*, 511 U.S. at 843.

*Second*, the error in existing cases was in a prison official's execution of a sentence, not an error in the sentence itself. (*See* section I.C., *supra*.) Here, in contrast, everyone agrees that the error was in the sentence itself and that the sentencing court was responsible for that error. (Dkt. 10 ¶¶ 401–05.) Even though the error was the sentencing court's, Sabo alleges that Hicks and Haley acted with deliberate indifference when they failed to discover and take action to correct the sentencing court's error. (Dkt. 10 ¶¶ 406–07, 501.) No existing

case has found an Eighth Amendment violation on similar facts. Just the opposite. This Court—when considering a nearly identical claim against Hicks, Haley, and others for the same type of sentencing error during the same time period—concluded that the plaintiff's claim was frivolous because, at most, his allegations implied that the defendants were negligent. *See Perrault*, 669 F. App'x at 303.

*Third*, existing cases addressed prolonged *incarceration*, not prolonged probation. *See, e.g.*, *Sample*, 885 F.2d at 1104; *Haygood*, 769 F.2d at 1352–53. They are not the same. Probation is imposed in lieu of incarceration following a conviction. Wis. Stat. § 973.09(1)(a). It only turns into incarceration if the defendant violates the terms of his probation, as Sabo did here. While this Court may conclude that the differences between probation and incarceration are irrelevant here, no existing case clearly establishes that prolonged probation—as opposed to prolonged custody—is cruel and unusual punishment in violation of the Eighth Amendment. *See Hurd v. Fredenburgh*, 984 F.3d 1075, 1092 (2d Cir. 2021) (defendants entitled to qualified immunity where no case clearly established an Eighth Amendment violation when prisoner detained beyond statutorily mandated release date, as opposed to the maximum term of his sentence). And while *Hankins* addressed prolonged parole and noted that "[p]arole is a form of custody," 786 F.3d at 605, that case was decided in 2015, long after Hicks and Haley were alleged to have violated

Sabo's constitutional rights in 2005. (Dkt. 10 ¶ 501.) Thus, *Hankins* could not have put Hicks and Haley on notice that their failure to discover and correct Sabo's unlawful probation term violated the Constitution.

Given the factual differences in existing cases, the question of whether Hicks and Haley had a constitutional duty to act to prevent a violation of Sabo's Eighth Amendment rights is by no means "beyond debate." *White*, 580 U.S. at 79 (citation omitted). If anything, the debate is settled the other way by *Perrault*, where this Court not only rejected liability against Hicks and Haley, but concluded that the claim was frivolous. *See Perrault*, 669 F. App'x at 303. Considering that decision, no reasonable official in the same situation would have understood "that his conduct was unlawful." *Brosseau v. Haugen*, 543 U.S. 194, 199 (2004) (citation omitted). Qualified immunity provides an alternative basis for affirming the district court's decision.

## CONCLUSION

For the reasons set forth above and in Defendants-Appellees' initial brief, this Court should affirm the district court's judgment in favor of all Defendants.

Dated this 25th day of July 2024.

Respectfully submitted,

JOSHUA L. KAUL
Attorney General of Wisconsin

Electronically signed by:

s/ Karla Z. Keckhaver*
KARLA Z. KECKHAVER
Assistant Attorney General
State Bar #1028242

Attorneys for Defendants-Appellees

Wisconsin Department of Justice
Post Office Box 7857
Madison, Wisconsin 53707-7857
(608) 264-6365
(608) 294-2907 (Fax)
keckhaverkz@doj.state.wi.us

*Counsel of Record

## CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATION, TYPEFACE REQUIREMENTS, AND TYPE STYLE REQUIREMENTS

This supplemental brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B), typeface requirements of Fed. R. App. P. 32(a)(5), and type style requirements of Fed. R. App. P. 32(a)(6).

This supplemental brief contains 6977 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(f) and has been prepared in a proportionally spaced typeface using Microsoft Word 2013 in 13 point Century Schoolbook.

Dated this 25th day of July 2024.

Electronically signed by:

s/ Karla Z. Keckhaver
KARLA Z. KECKHAVER
Assistant Attorney General


## CERTIFICATE OF SERVICE

I certify that on July 25, 2024, I electronically filed the foregoing Supplemental Brief of Defendants-Appellees with the clerk of court using the CM/ECF system, which will accomplish electronic notice and service for all participants who are registered CM/ECF users.

I further certify that per the Court's June 28, 2024, Order, I submitted thirty (30) copies of this supplemental brief and thirty (30) copies of appellees previously filed brief to the Clerk's Office via UPS Ground today.

Dated this 25th day of July 2024.

Electronically signed by:

s/ Karla Z. Keckhaver
KARLA Z. KECKHAVER
Assistant Attorney General